UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL HENRY MAYBERRY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-2984-B |
| | § | (NO. 3:21-CR-207-B-1) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Paul Henry Mayberry's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

## I.    BACKGROUND

On May 4, 2021, Movant was named in a one-count indictment charging him with attempt to aid and abet sex trafficking, in violation of 18 U.S.C. §§ 1594(a), 1591(a) & (b)(1), and 2. *United States v. Mayberry*, No. 3:21-CR-207-B, Crim. Doc. 16. He entered a plea of not guilty. Crim. Doc. 18. On April 22, 2022, Movant was named in a one-count superseding information charging him with attempted kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (d). Crim. Doc. 32. He entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by the superseding information and the government agreed not to bring any additional charges based upon the conduct underlying and related to the plea and to dismiss any remaining charges. Crim. Doc. 34. The plea agreement set forth the maximum penalties Movant faced, including imprisonment not to exceed 20 years, the Court's sentencing discretion and role of the guidelines, that the plea was freely and voluntarily made and not the

result of force, threats, or promises, that Movant waived his right to appeal or otherwise challenge the sentence except in certain limited circumstances, and that Movant and counsel had thoroughly reviewed all legal and factual aspects of the case and Movant was fully satisfied with counsel's legal representation. *Id.* Movant also signed a factual resume setting forth the elements of the offense charged in the superseding information and the stipulated facts establishing that he had committed the offense. Crim. Doc. 36.

On May 19, 2022, Movant appeared for arraignment on the superseding information and testified under oath in open court that: he understood that he must speak up if he got confused or had any questions; he had read and understood the superseding information and the nature of the charge against him; he freely and voluntarily waived his right to indictment; there were no agreements except as set forth in the plea agreement; Movant freely and voluntarily waived his right to appeal and understood that his case would be over at sentencing; no one had promised him anything or threatened him or pressured him to enter his plea; he understood that he might be sentenced to 20 years' imprisonment but still wanted to plead guilty; he understood that the Court did not have to follow the guideline range and was the only one to decide what the penalty would be; and, he had read the factual resume and agreed that he committed each of the essential elements of the offense and stipulated to the facts set forth therein. Crim. Doc. 59.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. Crim. Doc. 41, ¶ 23. He received a two-level enhancement for a dangerous weapon, *id.* ¶24, and a six-level enhancement for sexual exploitation. *Id.* ¶ 25.

He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 37 and a criminal history category of IV, his guideline imprisonment range was 292 to 365 months; however, the statutorily-authorized maximum sentence was 20 years, so the guideline imprisonment range became 240 months. *Id.* ¶ 79. Movant filed an objection to the enhancements, Crim. Doc. 42, which the government did not oppose. Crim. Doc. 43. The probation officer prepared an addendum to the PSR rejecting the objection. Crim. Doc. 44-1. The government filed a motion for downward departure under U.S.S.G. § 5K1.1. Crim. Doc. 46.

At sentencing, the Court agreed to omit the enhancements so that the base offense level became 29 and the revised guideline range became 121 to 151 months. Crim. Doc. 60 at 6. The Court then considered the 5K motion and denied it. *Id.* at 7–11. Movant declined to speak on his own behalf. *Id.* at 18. The Court sentenced Movant to a term of imprisonment of 175 months, an upward variance. Crim. Doc. 51; Crim. Doc. 52. Noting the extraordinarily egregious facts of the case, the Court stated that the same sentence would have been imposed "no matter what." Crim. Doc. 60 at 26. Movant appealed, Crim. Doc. 53, despite having waived the right to do so. Crim. Doc. 34, ¶ 12. The Court allowed Movant's counsel to withdraw and appointed appellate counsel. Crim. Doc. 56. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), to which Movant filed a response. The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Mayberry*, No. 22-10865, 2023 WL

5346047 (5th Cir. Aug. 18, 2023).

## II.    GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, each contending that he received ineffective assistance of counsel. Doc. 1; Doc. 2.

## III.    APPLICABLE LEGAL STANDARDS

### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues

*4*

in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing

*Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.    Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1)

counsel's performance fell below an objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court

need not determine whether counsel's performance was deficient before examining the prejudice

suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also*

*United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result

must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a

movant must prove that counsel's errors "so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v.*

*Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and the defendant must overcome a strong presumption

that his counsel's conduct falls within the wide range of reasonable professional assistance.

*Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and

prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th

Cir. 2000).

### IV.    ANALYSIS

In his first ground, Movant alleges that counsel rendered ineffective assistance in failing

to advise him that his was not a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) such that the proposed sentence would be binding on the Court. Doc. 1 at 4; Doc. 2 at 1–2. He alleges that counsel assured him of a sentence of 8 to 10 years' imprisonment and refers to the government's "agreement to 'recommend' a sentence of 121-151 months." Doc. 2 at 1. The plea agreement does not include any binding agreement as to sentence. Crim. Doc. 34; Crim. Doc. 35. Rather, it reflects that: Movant could receive a sentence of imprisonment of up to 20 years; the government would recommend a within-guidelines sentence but the recommendation would not be binding on the Court; the sentence would be solely in the discretion of the Court; and, no one could predict with certainty the outcome of the Court's consideration of the guidelines. Crim. Doc. 34. Movant verified under oath at arraignment on the superseding information that he had read the plea agreement, discussed it with counsel, and understood every provision. Crim. Doc. 59 at 7–8. And, he testified that no one had promised him anything that was not set forth in the plea agreement. *Id.* at 11. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The factual resume and plea agreement Movant signed are also accorded great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). He has not come forward with any evidence bearing the slightest indicia of reliability to overcome his testimony. *See United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A plea agreement is not rendered involuntary by a defendant's mere subjective understanding that he will receive a particular sentence. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based

on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). Even if Movant could show that his counsel provided ineffective assistance, and he cannot, the Court will not upset a plea "solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 359 (2017). Here, Movant offers nothing but his own *ipse dixit* that he would have gone to trial.

In his second ground, Movant alleges that counsel rendered ineffective assistance in objecting to the sentence itself rather than the calculation and/or inadequate explanation of the sentence imposed. Doc. 1 at 5; Doc. 2 at 7–9. He argues that his appeal was lost based on poor word choice by counsel. Of course, there was no arithmetic error here. *See United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017) (explaining that an arithmetic error is simply an error involving a mathematical calculation). And, the Court went to great length in explaining the chosen sentence, commenting that this case was the worst in 30 years. Crim. Doc. 60 at 24. Besides the explanation at sentencing, the statement of reasons provides the written justification for the sentence. Crim. Doc. 52. Movant could not show prejudice in any event since the Court would have imposed the same sentence "no matter what." Crim. Doc. 60 at 26.

In his third ground, Movant alleges that appellate counsel rendered ineffective assistance in filing an *Anders* brief and failing to raise nonfrivolous claims. Doc. 1 at 7; Doc. 2 at 9–10. The ground is frivolous. The filing of an *Anders* brief does not constitute ineffective assistance; rather, an attorney is under an ethical obligation to refuse to prosecute a frivolous appeal and to seek to

7

withdraw if he finds the case to be wholly frivolous. *Anders*, 386 U.S. at 744; *White v. United States*, 23 F. App'x 570, 572 (7th Cir. 2001). Movant waived his right to appeal except in certain limited circumstances not applicable here, Crim. Doc. 34, ¶ 12, and the waiver is enforceable. *United States v. Barnes*, 953 F.3d 383, 389 n.11 (5th Cir. 2020). Claims of ineffective assistance of counsel are not properly raised on appeal unless they have been developed in the trial court. *United States v. Sharp*, 6 F.4th 573, 584 (5th Cir. 2021) (citing *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008)). Here, the Fifth Circuit specifically noted that Movant appeared to suggest that he received ineffective assistance of counsel but the record was not sufficiently developed to allow a fair evaluation of that claim. *Mayberry*, 2023 WL 5346047, at *1. Movant has not shown that he had any meritorious grounds that should have been raised on appeal and would have changed the outcome. Appellate counsel was not deficient. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994).

## V.    CONCLUSION

Accordingly, Mayberry's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 1ˢᵗ day of April, 2026.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTICT JUDGE